Chief Justice Robertson,
delivered the opinion of the court.
This is an appeal from a judgment in ejectment. The only question presented involves boundary. The lessor of the plaintiff claimed under a deed, calling for the following boundary. “Beginning 864 poles from the river Ohio, adjoining to the lands of Philip Barbour, and running south 72 degrees, east 4599 poles, to the northern boundary at B. as marked in a certain plan annexed; thence north, eighteen de-degrees, east 864 poles to a black oak, sugar tree and ash, on the bank of the Ohio river; thence down the river, and binding thereon 5290 poles, to a beach and two sugar trees; thence south, 18 degrees; west, .to the first bounds in the said'plan at A.
No marked corner is found at A. or B., nor is there ■ any marked line from A. to B., or from either A. or B. to the river. A. and B.. are both 864 poles from the river; but the course from A. towards B. as called for in the deed, will lead to a point much nearer the river than B. Either the distance or course must therefore j'ield. The circuit court instructed the jury, that in the absence of marked lines and corners, the described1 course must govern and designate the position of B.
We do not concur with the circuit court. The plat annexed to the deed, for identifying the boundary, and the calls in. the deed, show that the parties intended,, that A., and B. should each be 864 poles from the river, and that distance instead of marks, should idem tify the corners; and A. and B. are both 864 poles from the river, as they are exhibited on the plat. As there is no corner at A. nor line from-A. to to the river, it would be as reasonable to establish B. 864 poles from the Ohio, and then reverse the course for the purpose of designating A. as it would be to fix A. at the - described distance, and ascertain B. by the course alone. We consider it very clear, that B. as shown on the plat, viz: at 864 poles from the river, is the true position for the corner; many considerations might be *279 suggested, which could have little or no doubt; but argument is deemed unnecessary. A statement of the facts should alone, be perfectly satisfactory. The sim-pie fact, that the deed is made according to the plat,-ought, alone, to be sufficient.
Mills and Bromi) for.apppellant.
Judgment reversed and cause remanded for a new trial.